# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DAVID MARISCAL, ) | |
|     Plaintiff, ) | CASE NO. 2:09-cv-02334-KJD-RJJ |
| vs. ) | |
| HOWARD SKOLNIK, Director, NEVADA ) DEPARTMENT OF CORRECTIONS ) NDOC, THE NEVADA BOARD OF ) PAROLE COMMISSIONERS, Former ) CHAIRMAN, DORLA SALLING, et al, ) | |
|     Defendant. ) | |

Presently before the Court is the Motion of Defendants DORLA SALLING, MARY VIETH, CONNIE S. BISBEE, SUSAN JACKSON, MARY K. BAKER, THOMAS GOODSEN and ADAM ENDEL (collectively "Parole Board Defendants") for Summary Judgment (#26). Plaintiff has filed an opposition (#28) to which Movants replied (#32).

## FACTUAL BACKGROUND

Plaintiff's Complaint alleges civil rights violations against the moving defendants pursuant to 42 U.S.C. Section 1983. Plaintiff was sentenced to life without the possibility of parole for first degree murder and to an equal and consecutive term for the use of a deadly weapon. Judgment was entered October 14, 1994. On April 6, 2007, Defendant was resentenced to life with the possibility

1  of parole and the Parole Board considered Plaintiff for parole to his consecutive sentence on July 6,
2  2007. He was there informed that the Parole Board would be able to take into consideration that this
3  retroactive eligibility date to parole to his consecutive sentence was 2003.  Ultimately, Plaintiff's
4  parole was denied.  Plaintiff filed his Complaint on September 25, 2009.

## STANDARD FOR SUMMARY JUDGMENT

6      Summary judgment may be granted if the pleadings, depositions, answers to interrogatories,
7  and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to
8  any material fact and that the moving party is entitled to a judgment as a matter of law.
9  Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  All justifiable inferences
10 must be viewed in light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v.
11 Zenith Radio Corp., 475 U.S. 574, 587 (1986);  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255
12 (1986).  Summary judgment shall be entered "against a party who fails to make a showing sufficient
13 to establish the existence of an element essential to that party's case, and on which that party will
14 bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted
15 if a reasonable jury could return a verdict for the nonmoving party.  Anderson, 477 U.S. at 248.

16     The moving party bears the initial burden of showing the absence of a genuine issue of
17 material fact.  Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth
18 specific facts demonstrating a genuine factual issue for trial.  Matsushita, 475 U.S. at 587;
19 Fed.R.Civ.P. 56(e).  The nonmoving party may not rest upon the mere allegations or denials of his or
20 her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials
21 provided by Rule 56(e), showing there is a genuine issue for trial.  Anderson, 477 U.S. at 256; Fed.R.
22 Civ.P. 56(e).

## ANALYSIS

24     Pursuant to Nevada Revised Statutes § 11.190(4)(e), Nevada's period of limitations for
25 personal injury is two years.  The Nevada state statute of limitations for personal injury torts applies

in a Section 1983 action.  See Perez v. Seevers, 869 F.2d 425 (9th Cir. 1989).  Plaintiff's only argument in response to the statute is that it should be treated as a procedural rule, citing a case dealing with an extension of the period for service of process.  However, the statute of limitations acts as a bar and it is well-settled that the Court has no discretion to extend it.  Plaintiff's novel legal argument that his right to a hearing before the Parole Board was violated, retroactive to 2003, four years before he was resentenced to life with the possibility of parole, is legally frivolous.  Furthermore, there is no liberty interest in receiving parole.  It is a legislative act of grace, not a constitutional right.  Grant of parole is a discretionary act and thus, members of the Parole Board are immune from suit. N.R.S. § 41.032.  Finally, Defendants JACKSON, BAKER and ENDEL were not on the Parole Board at the time and did not participate in Plaintiff's imagined constitutional deprivation.

## CONCLUSION

Defendants have demonstrated that there is no genuine issue of material fact that the instant action is barred by Nevada's two year period of limitations applicable to tort claims.  Plaintiff has no due process right in being granted parole, nor does he have any constitutional right to be conditionally released before expiration of his sentence.  Grant of parole is a discretionary act and the members of the Parole Board are immune from suit in exercising that discretion.

Accordingly the Motion for Summary Judgment of Parole Board Defendants, DORLA SALLING, MARY VIETH, CONNIE S. BISBEE, SUSAN JACKSON, MARY BAKER, THOMAS GOODSEN and ADAM ENDEL (#26) is **GRANTED**.

DATED this 27th day of September 2011.

_____
Kent J. Dawson
United States District Judge